## McCLAVE v. McAINSH.

(Supreme Court, Appellate Term.  January 10, 1901.)

LANDLORD AND TENANT—RENEWAL OF LEASE—EVIDENCE.
    Plaintiff testified that in March defendant orally leased certain premises for one year from May 1st, which defendant denied. Plaintiff's letters to defendant, written in April, claimed the right to hold defendant for rent of the premises, on the ground that defendant had failed to notify him of his intention not to renew a previous lease, as provided by the terms thereof. *Held*, that the evidence did not show a new leasing.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by John McClave against John McAinsh. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

G. W. Dease, for appellant.

Jeroloman & Arowsmith, for respondent.

PER CURIAM. The plaintiff undertook to show on the trial that the defendant in March, 1900, leased the premises described in the complaint for a year from the 1st of May, 1900. His testimony, which was the sole testimony on that point, was contradicted by the defendant. If this was the whole case, we would not interfere with

the decision of the justice, who had the witnesses before him.; but the plaintiff is contradicted by his letters of the 19th and 20th of April, 1900, in which letters he does not claim that there had been a new leasing, but claims the right to hold the defendant under the old lease. It seems to us that if the plaintiff had made an oral lease with the defendant, as claimed by him (the plaintiff), he would not have written the letters above referred to. In both of the letters he puts his right to hold the defendant upon the ground that, because of defendant's failure to give him a three-months notice of his (the defendant's) intention not to renew a lease, he thereby became responsible for the rent of the premises for a full year, commencing May 1st. In his letter of April 20th plaintiff says: "I decline to release you from the payment of rent of said building upon the ground set forth in my letter of yesterday, viz. that under the terms of the lease, if it was your intention to vacate, you should have given me notice on or before February 1st last." A careful perusal of the evidence convinces us that there was no new leasing.

Judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.